IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PNC FINANCIAL SERVICES GROUP, INC., | ) ) ) ) 2:20-cv-001977 |
| Plaintiff, | ) ) ) Chief Judge Mark R. Hornak |
| v. | ) ) |
| PLAID INC., | ) ) |
| Defendant. | ) |

**AMENDED CASE MANAGEMENT ORDER**

AND NOW, this 7th day of April 2022, after a video case management conference with counsel for all parties, it is hereby ORDERED that the Court's prior Case Management Orders are deemed amended in conformity with this Amended Case Management Order, as follows:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients and any involved insurance carriers before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. A client's representative/insurance carrier representative shall be available by phone for any such conference. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any settlement or award, a representative of the insurance carrier(s) who possesses full, unilateral settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3.      The parties are welcome to engage in further ADR proceedings by mutual consent at any time. The Court considers that the ADR activities of the parties as reported to the Court at the conference of April 5, 2022 have fulfilled the base obligation of the parties to engage in authorized ADR proceedings pursuant to the policies of the Court. The Court, in furtherance of the goals of Fed. R. Civ. P. 1, may direct the parties to engage in further ADR proceedings upon the Court's finding of good cause to do so.

4.      **Scheduling:**  The parties shall comply with the following deadlines:

a)      The parties have confirmed that all Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) have as of this date been completed. All supplementation obligations pursuant to any provision of the Federal Rules of Civil Procedure continue to apply.

b)      With consent of the Plaintiff and as authorized by the Court at the above-referenced conference, an Amended Answer to the Amended Complaint shall be filed on or before April 20, 2022 without prejudice to either party.

c)      Fact discovery shall be completed on or before October 6, 2022. This means that all discovery requests shall be served/propounded/noticed in sufficient time so as to allow the responding party the full time period for a response as is set forth in the Federal Rules of Civil Procedure. The Court may extend any discovery deadline upon a showing of good cause and upon motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted.

d) Deadlines to produce/disclose experts and expert reports, and discovery/depositions of such experts, shall be held in abeyance pending the next status conference and further Order by this Court. Final deadlines for the filing of dispositive motions will be set by further Order. The request of the Plaintiff for the Court to authorize 15, rather than 10, substantive fact discovery depositions is denied without prejudice, and with the assurance of the Court that it will favorably consider any such request of any party to expand the number of authorized fact depositions upon the timely and reasonable request of a party that does not generate undue prejudice to any party. Counsel shall promptly confer and develop a protocol for the notice and conduct of fact witness depositions of customers of the Plaintiff who claim to have been actually misled by an action of the Defendant in this case and shall file such for approval of the Court.

e) Absent a bona fide emergency, no motions related to discovery shall be filed without leave of court obtained either by written motion or as a consequence of a conference as described in this paragraph. Motions relating to discovery matters or a case management Order shall be filed before the last day of the applicable discovery period deadline. This deadline does not apply to motions to extend discovery, motions to compel discovery (so long as the discovery request had been served or otherwise scheduled or propounded at least 35 days prior to the involved discovery deadline), motions *in limine*, motions for summary judgment, or other similar merits-related pretrial motions.

Responses to motions relating to discovery or any case management Orders shall be filed within seven (7) days from the date of service of the motion. The Court almost always resolves such motions by telephone/video conference, which the

parties may also request. The Court may also schedule a telephone/video conference before the time runs for any response. In such a case, the non-moving party is excused from filing a response; instead, said party should be prepared to state its position at the conference.

Replies to such responses shall be filed seven (7) days from the date of service of the response. Replies may be filed without the leave of the Court. Surreplies shall not be filed without leave of the Court obtained in advance. To the extent the motion or response involves the contents of a written document (discovery request, discovery response, deposition notice or the like), such shall be provided to opposing counsel and to the Court (via an email to Chambers) at the time that a conference as described in this paragraph is scheduled, or a written motion/response hereunder is filed. For further information regarding general motions practice, please see the "Chambers' Rules" website available from the United States District Court for the Western District of Pennsylvania's homepage. The Court also notes that an array of helpful forms/documents is posted on the undersigned's designated "page" on the Court's general homepage.

f ) The parties shall confer and file any joint motion for the Court's approval and entry of any ESI Protocols/Orders, and any Protective Orders, on or before April 28, 2022. Such shall be in a form that conforms to the directives of applicable Circuit precedent regarding such matters.

g ) The parties shall confer in order to resolve any current discovery disputes, and to the extent that such are not thereby resolved so as to obviate the necessity of a Court resolution at this time, the aggrieved party shall prepare and file a Notice of the necessity for a discovery telephone/video conference, including an agenda for such conference, the

estimated time that the Court should allot for such conference, and shall sufficiently in advance provide to the opposing party and the Court a copy of any papers that should be considered in the resolution of such dispute. If after consultation, the parties conclude that there is no necessity for a Court resolution of any such matters at this time, they shall file a Notice on the docket to such effect. The relevant Notice under this paragraph shall be filed on or before May 6, 2022.

5. **Procedures Following Inadvertent or Other Disclosure ("Clawback")**: Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of a disclosure of any privileged or trial preparation/attorney work product material:

a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged material or trial preparation/attorney work product material shall promptly notify the producing party.

b) Upon receiving notice of such production, any receiving party shall immediately retrieve all copies of the disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

c) If the parties cannot agree as to the claim of privilege or protected status, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

        d)        Pursuant to Fed. R. Evid. 502(d), no disclosure connected to this litigation shall act as a waiver in any proceeding of any otherwise applicable privilege or protection unless so ordered by this Court. An Order implementing Fed. R. Evid. 502(d) has been entered on the docket.

      6.      **Discovery and Other Case Management Disputes:**  In the Court's experience, many discovery disputes and case management disputes are promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone/video (battling emails don't count), agree on the scope and nature of the dispute, and then contact the involved law clerk or the Courtroom Deputy to request a telephone/video status conference. Counsel shall agree on an agenda for such conference and provide it to Chambers as soon as it is prepared and in advance of the conference. The Court will usually either conduct the conference immediately or set such a conference to occur within 24 hours, and more often than not, the dispute will be resolved at that time. The Court may, in situations involving more substantive matters, direct counsel to file the appropriate motion for relief.  The Court will conduct a status conference at any time at the request of the parties and will generally take calls from counsel at depositions in order to iron out discovery disputes then arising.

      7.      **Other Deadlines/Post-Discovery Status Conference:**  Video Status Conferences are scheduled for June 7, 2022, at 4:00 PM and August 3, 2022, at 3:00 PM.  The information required to participate will be circulated via e-mail. Any future status conferences will be set by further Order of the Court.

                                                      s/ Mark R. Hornak
                                                      Mark R. Hornak
                                                      Chief United States District Judge

cc:      All counsel of record